IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-125 |
| | ) | |
| STATE OF GEORGIA; RICHMOND COUNTY; ASHLEY WRIGHT, Superior Court Judge; and JARED T. WILLIAMS, District Attorney, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Federal Correctional Institution McDowell in Welch, West Virginia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place in Augusta, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING THE COMPLAINT**

**A.   BACKGROUND**

Plaintiff's complaint names as Defendants: (1) State of Georgia, (2) Richmond County, (3) Superior Court Judge Ashley Wright, and (4) District Attorney Jared T. Williams. (Doc. no.

2, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2021, Defendant State of Georgia falsely imprisoned Plaintiff in Charles B. Webster Detention Center. (Id. at 4.) Plaintiff was wanted for a trespassing offense, but Defendant District Attorney Williams upgraded this charge to burglary. (Id.; see also id. at 19-20.) Although Defendant Judge Wright had issued a warrant for Plaintiff's arrest, she had not yet signed a second warrant for a search of Plaintiff's family members' house. (Id. at 5.) Nonetheless, investigators with the Richmond County Sheriff's Office illegally searched the house despite the search warrant not yet being signed. (Id.) These investigators staged a crime scene by driving Plaintiff's car and parking it on the property so that they could search it even though they did not have a warrant. (Id.) During the car search, the investigators found a firearm and seized $13,500. (Id.) Plaintiff was then charged with possession of a firearm by a convicted felon even though there was no body worn camera footage, as the footage was reportedly water damaged. (Id.; see also id. at 19-20.) The investigators also did not turn over or otherwise inventory the seized money. (Id. at 5.)

Plaintiff appeared before Defendant Judge Wright for his bond proceedings. (Id. at 6.) However, Defendant Judge Wright improperly denied Plaintiff bond even though he did not pose a threat to anyone. (Id.) In deciding whether to grant Plaintiff bond, Defendant Judge Wright failed to adequately check Plaintiff's criminal history because she overlooked that his January 7, 2020 criminal case was closed. (Id.) Moreover, the decision to upgrade Plaintiff's charge to burglary, even though he never committed this offense, also contributed to his denial of bond. (Id. at 11.) Because Plaintiff was denied bond, he was forced to stay in jail, where he was beaten and sustained bodily injury, including a broken left hand. (Id. at 6-7.) Plaintiff

2

constantly raised the issue of his improperly denied bond with the County Clerk of Court and his retained counsel without success. (Id. at 11.) He also wrote Defendant Judge Wright about his denied bond and asked her to research this issue further to no avail. (Id. at 11.)

Moreover, the victim, Deborah Paschall, submitted a victim request to dismiss all charges against Plaintiff, but Defendants State of Georgia and Richmond County declined to dismiss the charges. (Id. at 12; see also id. at 15-16.) As a result, Plaintiff was held for twenty-eight months without bond on false charges. (Id. at 12.) The charges were ultimately dismissed on February 14, 2024. (Id.; see also id. at 14.)

For relief, Plaintiff seeks monetary damages. (Id. at 7.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant State of Georgia

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465

4

U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, Defendant State of Georgia should be dismissed.

### 3. Plaintiff Fails to State a Claim Against Defendant Richmond County

To impose § 1983 liability on a county, Plaintiff must show three things: (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, Plaintiff does not allege Richmond County had a custom or policy that violated his constitutional rights, much less does he allege such a policy or custom caused the violation. (See generally doc. no. 2.) Rather, his claims center around the purported improper denial of bond based on facts specifically related to him, including a prior closed criminal case and the upgraded burglary charge. (See generally id.) Thus, even if the Court assumed *arguendo* Plaintiff could show his constitutional rights had been violated, he fails to state a claim against Defendant Richmond County because he did not allege two elements required to impose § 1983 liability.

### 4. Defendant Judge Wright is Immune from Suit

Plaintiff's claims for monetary damages against Defendant Judge Wright are barred by judicial immunity.[1] It is well-settled that judicial officers are entitled to absolute immunity for

---

[1] Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*),

5

"actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Wright, as the presider over Plaintiff's criminal proceedings, was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Wright acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether her actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff only alleges Judge Wright improperly denied him bond for various reasons. (See generally doc. no. 2.) Thus, Plaintiff provides no details to suggest Judge Wright took any actions that were not of the type normally performed by judges. Thus, Plaintiff fails to state a valid claim for relief for against Judge Wright.

### 5. Plaintiff Has No Claims Against Defendant Williams

Plaintiff's claims against District Attorney Williams are subject to dismissal because his role as prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424

---

Plaintiff makes clear he is suing only for monetary damages.

U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg, 566 U.S. at 363. "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); see also Kassa v. Fulton Cnty., Ga., 40 F. 4th 1289, 1293-94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other fact-specific reasons, recall of material witness warrant did not "require[] . . . exercise of professional judgment or legal skill").

As Plaintiff's claims against Defendant Williams rest entirely on his actions taken as a prosecutor, including his decision to charge Plaintiff with burglary, Plaintiff fails to state a valid § 1983 claim against him.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of September, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA