IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-125 |
| | ) | |
| STATE OF GEORGIA; RICHMOND COUNTY; ASHLEY WRIGHT, Superior Court Judge; and JARED T. WILLIAMS, District Attorney, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On October 3, 2025, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), which recommended dismissal of this case for failure to state a claim, and closed this case. (Doc. no. 15.) Thereafter, Plaintiff submitted a filing in which he stated he never received the Magistrate Judge's R&R, only the undersigned's Order adopting the R&R. (Doc. no. 17.) On November 13, 2025, the Court entered an Order allowing Plaintiff additional time to submit objections to the Magistrate Judge's R&R upon consideration of the purported mail issues. (Doc. no. 18.) The Court further explained this case would remain closed pending consideration of Plaintiff's objections. (Id. at 2.) Plaintiff has timely filed his objections, which are now before the Court for consideration. (Doc. no. 20.) Thus, the Court **VACATES** its October 3rd Order. (Doc. no. 15.) However, for the reasons described below, Plaintiff's objections are unavailing, and this case remains **CLOSED**.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 20.) The Magistrate Judge recommended dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted. (See doc. no. 12.) Much of Plaintiff's objections re-state the same factual assertions and legal conclusions already rejected by the Magistrate Judge. (See id.; see also doc. no. 20.) However, a few of Plaintiff's contentions warrant brief comment.

In his objections, Plaintiff argues he states a claim against Defendant Richmond County because this Defendant "has a policy to follow the Constitution" and other rules, which this Defendant violated by not releasing Plaintiff on bail in his state court case. (Id. at 2.) Assuming *arguendo* Defendant Richmond County has such a "policy," Plaintiff's argument misses the mark. As the Magistrate Judge explained, to impose § 1983 liability on a county, Plaintiff must establish, as is relevant here, "that the county had a custom or policy that constituted deliberate indifference to that constitutional right." (Doc. no. 12, p. 5 (citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).) By his own argument, Plaintiff admits Defendant Richmond County had a policy to follow the Constitution, not one to violate it. Thus, because he does not claim Defendant Richmond County had a policy constituting deliberate indifference to a constitutional right, Plaintiff fails to state a claim against this Defendant.

Plaintiff also "request[s] a change to rename Defendants in this action" and listed three Defendants: Governor Brian Kemp, Richmond County, and the City of Augusta. (Doc. no. 20, p. 3.) Plaintiff claims Governor Brian Kemp is liable because he is "responsible for city official[']s actions in violating [Plaintiff's] constitutional rights." (Id.) As an initial matter,

Plaintiff's request fails because he may not amend a complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Nonetheless, even considering the merits of Plaintiff's proposed amendments, Plaintiff's request fails for the reasons described below.

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*))).

Here, upon consideration of his objections and the complaint, allowing Plaintiff leave to amend his complaint to name these three defendants would be futile. Plaintiff fails to state a claim against Defendant Richmond County for the reasons described in the R&R and as supplemented above. Further, he fails to state a claim against City of Augusta because neither his objections nor his complaint establish how this Defendant is liable under § 1983. Notably, under the Supreme Court's decision in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), a

3

municipality can be subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts, the injury. . . ." Id. at 694. However, "[a] local government cannot be held liable under § 1983 on a *respondent superior* theory. Instead, the policy or practice must be the moving force of the constitutional violation at issue." Samples o/b/o Samples v. City of Atlanta, 846 F.2d 1328, 1333 (11th Cir. 1988) (internal citations and quotation marks omitted). Here, Plaintiff fails to identify any policies or practices of the City of Augusta that proximately caused the alleged constitutional deprivations and injuries. As Plaintiff fails to provide any specific facts showing how any practice, policy, or custom of the City of Augusta was the "moving force" behind the alleged constitutional violations, Monell, 436 U.S. at 694, he fails to state a claim against this Defendant.

Finally, he fails to state a claim against Governor Kemp because, even assuming *arguendo* the Governor of Georgia is indeed "responsible" for city officials' actions, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Governor Kemp liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193

4

F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege Governor Kemp participated in the alleged actions, nor does he allege the requisite causal connection. See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Hartley, 193 F.3d at 1269. Rather, his contentions solely rest on Governor Kemp's purported responsibility for city officials. (Doc. no. 20, p. 3.) Therefore, because Plaintiff fails to state a claim against the three defendants he would like to name in his objections, Plaintiff's proposed amendment is futile.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **OVERRULES** Plaintiff's objections, and **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted. This civil action shall remain **CLOSED**.

SO ORDERED this 11th day of December, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA